UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO M. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00296-WTL-DLP |
| | ) |
| JEFFREY E. KRUEGER, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Antonio M. Brown is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brown challenges his sentence arguing that Hobbs Act Robbery, 18 U.S.C. § 1951, is not a "crime of violence" under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). For the reasons explained below, the petition for writ of habeas corpus is **dismissed.**

**A. Background**

Brown was indicted on September 17, 2015 in the Eastern District of Missouri. On April 20, 2016, Brown pled guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1); and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). *United States v. Brown,* 1:15-cr-108-SNLJ (E.D. Mo. 2017) (hereinafter "Crim. Dkt.").

On May 24, 2017, the district court sentenced Brown to a combined sentence of 240 months' imprisonment (120 months' imprisonment as to Count 1, to be followed by a consecutive sentence of 120 months' imprisonment for Count 2). Crim. Dkt. 70. Brown did not appeal.

On September 28, 2017, Brown filed a motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel and a supplemental motion claiming that his Hobbs Act Robbery was improperly classified as a crime of violence. *See Brown v. United States*, No. 1:17-cv-174 (E.D. Mo. 2017). His motion was dismissed, and the Court found that Hobbs Act robbery was a crime of violence. Brown appealed to the Eighth Circuit and his certificate of appealability was denied on August 7, 2018.

On May 22, 2018, Brown filed a petition for permission to file a successive habeas petition with the Eighth Circuit arguing that his Hobbs Act robbery is not a crime of violence in light of *Dimaya*. *See Brown v. United States*, No. 18-2103 (8th Cir. 2018). On October 5, 2018, the Eighth Circuit denied Brown permission to file a successive petition. *Id.*

Brown now files a petition under § 2241 again arguing that his Hobbs Act robbery is not a crime of violence in light of *Dimaya*.

**B. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or

2

ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)).

The Seventh Circuit construed the savings clause in *In re Davenport* holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

Brown argues that he is entitled to relief because his conviction for Hobbs Act Robbery is not a crime of violence in view of *Dimaya.* In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of

3

aggravated felony, was unconstitutionally vague. *Dimaya,* 138 S. Ct. at 1215-16. Sections 16 and 924(c)(3) are worded identically, so *Dimaya* provides support for Brown's argument that § 924(c)(3)'s residual clause is also unconstitutionally vague.

Unfortunately for Brown, no relief is warranted in this case. First, *Dimaya* is a constitutional case, not a statutory interpretation case. *See* 138 S. Ct. at 1210 (the statute at issue violates due process because it is unconstitutionally vague). Accordingly, any claim under *Dimaya* must be brought in a § 2255 motion. In addition, Brown has already presented his claim in a petition to file a successive § 2255 motion, the United States provided a response, and the Eighth Circuit summarily denied Brown's application. *Brown v. United States*, No. 18-2103 (8th Cir. 2018). Brown cannot relitigate this issue under § 2241 when the issue was resolved by the Eighth Circuit and that law has not changed since that initial collateral review. *Roundtree*, 910 F.3d at 313.

In any event, there can be no miscarriage of justice because "Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another'" and therefore "qualif[ies] as a crime of violence under" the elements clause of § 924(c). *See Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) (*quoting United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016)); *United States v. Fox*, 878 F.3d 574, 574 (7th Cir. 2017) ("Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)."). Therefore, *Dimaya*'s holding about the residual clause is irrelevant here.

### C. Conclusion

The petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/1/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

ANTONIO M. BROWN
43029-044
LEAVENWORTH – USP
LEAVENWORTH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEAVENWORTH, KS 66048

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov